Opinion issued November 1, 2007 
     
 










                                                  
  In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00770-CR




FLOYD JEROME THOMPSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1047488
 

 

MEMORANDUM OPINION

         A jury found appellant, Floyd Jerome Thompson, guilty of aggravated assault. 
The indictment also included two enhancement paragraphs alleging felony
convictions for aggravated assault with a deadly weapon and delivery of a controlled
substance. Having found true the enhancement allegations, the jury assessed
appellant’s punishment at life in prison. We determine (1) whether appellant’s first
point of error was preserved and (2) whether appellant’s second point of error was
properly briefed. We affirm.
Facts
         In the afternoon and evening of June 1, 2005, there was on-going tension on 
Paul Quinn Street between two neighboring families, the Osborns and the Williamses. 
One family’s son, Carey Osborn, pushed the other family’s daughter, Jackie Williams,
to the ground. When the fight was eventually broken up by Carey Osborn’s father,
the two sides retreated to their respective lawns; however, the tension continued.
         At approximately 8:00 p.m., as crowds continued to gather on both sides of
Paul Quinn street, appellant, Jackie Williams’s cousin, drove up to the Osborn home. 
Appellant parked his car, got out, and began to wave a gun in the air, saying,
“Nobody mess with my kinfolk.” Appellant then fired shots in the direction of the
Osborn house, hitting Gladys Osborn in the arm and chest. Multiple witnesses
identified appellant as the shooter, including Gladys Osborn, who had known
appellant for over 10 years.
 
                                                            Officer Mathews’s Testimony
         In his first point of error, appellant contends that the trial court erred in
admitting hearsay evidence from a police officer when there was no issue of probable
cause. Appellant specifically complains of police officer Mathews’s statement that
“[e]verybody knew the name Floyd” and of his use of an offense report document that
stated that appellant was the suspect.
         Failing to object generally waives error on appeal. Tex. R. App. P. 33.1;
Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). Because appellant did
not object on this ground in the trial court, he has not preserved his complaint for
appellate review. Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).
         We overrule appellant’s first point of error.
Overruled Objections
         In his second point of error, appellant contends that the trial court’s repeated
overruling of his objections to inadmissible hearsay and other evidence rendered the
trial unfair, depriving appellant of effective representation by his attorney. Appellant
argues that the cumulative effect of the admission of improper evidence led to an
unfair trial. 
         Appellant sets out four instances in which the trial court overruled trial
counsel’s objections, two of which concerned hearsay. Appellant sets out the rules
of evidence regarding hearsay, cites a treatise stating the justification for the hearsay
rule, and refers to a case that was reversed because of improper admission of hearsay. 
However, appellant’s brief fails to analyze why the trial court erred in overruling trial
counsel’s objections in any of the four instances. In two of the instances, hearsay was
not even a basis for objection. Under these circumstances, we are unable to address
appellant’s contention due to his failure to brief the issue properly. See Foster v.
State, 101 S.W.3d 490, 498 (Tex. App.—Houston [1st Dist.] 2002, no pet.); Craven
v. State, No. 01-06-00770-CR, 2003 WL 21544500, at *6 (Tex. App.—Dallas 2003,
pet. ref’d) (not designated for publication). We overrule appellant’s second point of error.
Conclusion
 
         We affirm the judgment of the trial court.
 
 
                                                                                                               
                                                                      Tim Taft
                                                                      Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
 
Do not publish. See Tex. R. App. P. 47.2(b).